JAMES BREWER *v.* STATE OF INDIANA.

[No. 677S389. Filed November 21, 1977.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, James Brewer, was charged with the commission of an armed robbery. Trial was had before a jury, which returned a verdict finding the defendant guilty of armed robbery. From a judgment on this verdict sentencing him to twelve years' imprisonment, the defendant appeals, raising only the sufficiency of the evidence to support the jury's verdict.

When reviewing the sufficiency of the evidence, this Court does not reweigh the evidence or judge the credibility of the witnesses. Looking at the evidence most favorable to the verdict, we will not disturb the verdict if there is substantial evidence of probative value to support each essential element of the offense. *Daniels* v. *State,* (1976) 264 Ind. 490, 346 N.E.2d 566; *Gaddis* v. *State,* (1969) 253 Ind. 73, 251 N.E.2d 658.

The defendant's specific claim is that the state failed to prove that the taking of the property from the victim was either forcible and by violence or by putting the victim in fear. It is not necessary, as the defendant claims, for the victim to testify that he was actually put in fear. There need only be evidence from which the jury can infer that the victim was put in fear. *Roberts* v. *State,* (1976) 265 Ind. 439, 355 N.E.2d 243.

In this case the evidence showed that the defendant entered the victim's residence, armed with a shotgun. The defendant and his accomplice inquired as to the location of the victim's money and guns. The victim was made to lie on a bed with his hands tied. A tape player, a camera, a wallet, money clip, and watch were taken from the victim. The evidence was sufficient for the jury to infer

that the victim surrendered his property because he was in fear.

For all the foregoing reasons, there was no trial error and the judgment should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarník, JJ., concur.

NOTE.—Reported at 369 N.E.2d 424.