Leroy **BAKER, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 779S194.

Supreme Court of Indiana.

April 1, 1980.

John R. Politan, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon M. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Leroy Baker, was convicted by a jury of two counts of commission of a felony, while armed, to wit: robbery, Ind.Code § 35–12–1–1 (Burns 1975) and sentenced to thirty years on both counts, the sentences to run concurrently. He now raises the issue of the sufficiency of the evidence as to several elements of the crimes with which he was charged.

A summary of the facts most favorable to the state shows that a business known as the Sea Island Fish Market and Restaurant in Indianapolis was robbed at about 1:00 a. m. on April 6, 1975. At that time, Ruth Thomas was working as the manager of the store and three other employees were there as well as a few customers. Three men drove up to the store in a white Plymouth and entered the store according to prearranged plans. Each of the three men had a specific task. One man took a shotgun out of a bag and said, "This is a holdup." He told everyone to remain right where they were and then demanded all the day's and night's receipts from the manager Mrs. Thomas. This man stood by holding his gun on the customers and employees while the other two men actually took the money.

Mrs. Thomas opened the cash register and the second man, who was later identified as defendant, took the money from the register and looked through several other drawers for more money. He did not have a gun. The third man, who was carrying a gun, robbed the other employees and the customers in the store. When it appeared that defendant was taking too much time in his assignment, the others urged him to hurry and finally pulled him out as they all left the store together. Defendant had been a regular customer at the market and was known by the employees.

The cash register was equipped with a silent alarm, so the police arrived very quickly and arrested the three robbers in a white Plymouth automobile just a few blocks from the store. Three of the employees testified at the trial that they were afraid during the robbery, but when the

manager, Mrs. Thomas, was asked if she was afraid, she responded, "Not really."

Defendant first contends that the evidence was insufficient to establish the element of fear on Count I. This count was based on defendant's acts of taking money from the cash register where Mrs. Thomas was standing. Defendant argues that since Mrs. Thomas stated that she was "not really" afraid, the element of fear was not proven as to her.

It is well settled that in reviewing the sufficiency of the evidence, this Court does not reweigh the evidence or judge the credibility of witnesses. Looking at the evidence most favorable to the verdict and the reasonable inferences to be drawn therefrom, we will not disturb the verdict if there is substantial evidence of probative value to support each essential element of the offense. *Wofford v. State*, (1979) Ind., 394 N.E.2d 100; *Poindexter v. State*, (1978) Ind., 374 N.E.2d 509. It is well established that it is not necessary for the victim to testify that he was actually put in fear. There need only be evidence from which the jury can infer that the victim was put in fear. *Brewer v. State*, (1977) 267 Ind. 238, 369 N.E.2d 424; *Roberts v. State*, (1976) 265 Ind. 439, 355 N.E.2d 243.

In this case, the evidence showed that two of the robbers were holding guns on the victims. Mrs. Thomas acted as she was ordered to by the gunmen in opening the cash register and then standing still and not turning around. She did nothing to prevent the money from being taken. The three other employees testified that they were afraid during the robbery. This was substantial evidence of probative value from which the jury could infer that Mrs. Thomas surrendered the money because she was afraid.

Defendant next contends that there was not sufficient evidence to support the robbery conviction on Count I because the money in the cash register belonged to the owner of the business and did not belong to Mrs. Thomas. There is no merit to this contention since it is clear that Mrs. Thom-

as as manager of the store on that night was in lawful possession of the money in the cash register as the agent of the owner. It is well settled that robbery exists if property is taken from a person in lawful possession and proof of actual ownership is not necessary. *Jackson v. State*, (1971) 257 Ind. 477, 275 N.E.2d 538; *Thomason v. State*, (1970) 255 Ind. 260, 263 N.E.2d 725.

Defendant next alleges that there was not sufficient evidence to show that he actually took money from one of the other employees as was alleged in Count II. It is true that this employee testified at the trial that the man who robbed her had a gun and was not the same man who took the money from the cash register. However, it is clear that defendant acted in concert with the other two robbers as all three carried out a prearranged scheme together. It is not necessary for the state to prove that defendant personally committed each and every act involved in the perpetration of the robbery once it was established that he acted in concert with other participants. *Goodlow v. State*, (1973) 260 Ind. 552, 297 N.E.2d 803; *Rickman v. State*, (1974) 161 Ind.App. 54, 314 N.E.2d 108.

While it is true that it takes more than mere presence to sustain a conviction for robbery, *Lipscomb v. State*, (1970) 254 Ind. 642, 261 N.E.2d 860, there is ample evidence as shown from the facts given above from which the jury could find that defendant and the other two men acted in concert to rob the market. We find there was sufficient evidence to sustain the convictions on both counts.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.