Michele BABBS a/k/a Ivory
Young, Appellant,

v.

STATE of Indiana, Appellee.

No. 482S155.

Supreme Court of Indiana.

Aug. 3, 1983.

Glenn S. Vician, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Defendant-appellant, Michele Babbs, was convicted of robbery, a class B felony, and battery, a class C felony. For these convictions he received consecutive sentences of fifteen and six years. The information for robbery reads in pertinent part as follows:

> "Ivory Young, a/k/a Michele Babbs did ... knowingly and intentionally take property ... from ... Jack J. Plotkin, and in the commission of the said taking ... did ... put ... Jack J. Plotkin in fear...."

The first issue presented is whether the State produced evidence to show that Plotkin was placed in fear. On this basis the defendant moved at the close of the State's case-in-chief for a directed verdict on the robbery count. The motion was denied. Defendant then presented evidence in defense. The propriety of this ruling is not presented on appeal in light of the choice of the defense to present evidence. *Miller v. State,* (1981) Ind., 417 N.E.2d 339. How-

ever, the same issue is presented on appeal in a challenge to the sufficiency of the evidence to sustain the verdict.

In determining the question of the sufficiency of evidence to convict we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State,* (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State,* (1970) 253 Ind. 536, 255 N.E.2d 657.

The facts taken in the light most favorable to the verdict showed that Plotkin was the manager of the Sax Shoe Store in Gary, Indiana, and was alone there when defendant entered. Defendant then pulled a handgun and informed him this was a "stick-up." Defendant removed from Plotkin's person his ring and watch. Plotkin then noticed a second robber who also wielded a gun. Defendant ordered Plotkin to lie down; he bound him and took his wallet. Then he and his accomplice rummaged through the office and desk drawers searching for money.

The robbery was interrupted when Officer Finnerty entered the store. The defendant fired his gun at Finnerty, who made a quick dive for cover so that the bullet only grazed his arm. The defendant escaped but was within one-half hour apprehended on a public bus.

Pursuant to the information for robbery, the State was obliged to prove that Plotkin was put in fear. Defendant's insufficiency claim is based upon the fact that Plotkin did not testify that he was in fear, or words to that effect. Regarding that element of the offense this Court has said:

"If the State is proving that appellant put the victim in fear, obviously the victim's state of mind is a material issue. However, there is no requirement that the victim testify that he was put in fear. Rather, it is enough that there is evidence of probative value from which the jury could infer that the victim surrendered his property because he was put in fear." *Roberts v. State,* (1976) 265 Ind. 439, 442, 355 N.E.2d 243, 244.

A reasonable inference could be drawn from the aforestated facts describing defendant's use of a gun, his threatening manner, and his statements at the time, that Plotkin was put in fear. According to Plotkin the revolver was very large and defendant held it in his hand saying, "Yes, this is what you think it is" and motioning for Plotkin to move back. Upon this basis we find the evidence sufficient to warrant the verdict of guilty of robbery.

The second error alleged by the appellant is that the trial court admitted into evidence a pistol which had not been properly identified. The pertinent facts are these:

A handgun was marked at trial for identification as State's Exhibit 8. Sergeant McNally testified that he found the gun right at the front door of the Sax Shoe Shop. He photographed it and then placed it in a plastic bag. He then, in his own handwriting, wrote out an evidence card upon which he listed the type of weapon, a Smith & Wesson .357, Model 194 and recorded the serial number. He testified further that the recorded serial number was the same as the serial number on State's Exhibit 8, and that it was taken from the property clerk before trial by another officer in his presence. He also testified that the gun had been taken from the property room at some time and examined in a laboratory. Objection to introduction of State's Exhibit 8 was made on the basis that no proper chain of custody had been established. The objection was overruled.

When an investigator scratches his initials or other unique mark upon a piece of fungible evidence such as a handgun, and later testifies at trial that by reason of his recognition of the initials or mark, he can swear that the item in court is the same one about which testimony is being made, the identification predicate for admission is established. *Lloyd v. State,* (1983) Ind., 448

N.E.2d 1062. Here the serial number imprinted on the gun and the handwritten record of that serial number made at the time the gun was first taken into official custody, when considered together, served with like legal efficacy as a scratched mark, as a means of identification by Officer McNally. *Johnson v. State,* (1969) 252 Ind. 79, 246 N.E.2d 181. There was a proper identification by serial number. It was, therefore, not error to permit the introduction of the gun into evidence.

The convictions are affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.