**Richard E. MAUL, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 583S160.**

Supreme Court of Indiana.

Sept. 11, 1984.

Rehearing Denied Nov. 7, 1984.

Patrick E. Chavis, III, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Good, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Richard E. Maul, was convicted at a bench trial of robbery, a Class C felony, Ind.Code § 35–42–5–1 (Burns 1984 Supp.) and of being a habitual offender, Ind.Code § 35–50–2–8 (Burns 1984 Supp.). The trial court entered the following incorrect sentence:

"It is therefore ordered, adjudged and decreed that the defendant Richard E. Maul age 32 be sentenced as follows:

Count I, Class C Felony, 5 years stated term, plus 3 years aggravating factors 8 years executed. Count II, Class Habitual Offender, 30 years stated term, 30 years executed. And is to be committed to the custody of the department of correction for classification and confinement ...."

■ This Court has consistently held that the determination of habitual offender status cannot be treated as a separate crime. Rather a finding that a defendant is a habitual offender allows the trial court to enhance the sentence of the underlying felony. The habitual offender statute does not set forth an offense in and of itself. Therefore, this case must be remanded to the trial court for the entry of a proper sentencing order with the appropriate enhancement of the sentence on the underlying felony.

In this direct appeal, defendant raises only one reviewable issue and argues that there was not sufficient evidence to show that the taking of property was accomplished by the use of force or by putting the victim in fear.

■ Any question of the sufficiency of the evidence must be governed by our applicable standard of review. On appeal the reviewing court does not weigh the evidence or judge credibility. We are constrained to consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Greenlee v. State,* (1984) Ind., 463 N.E.2d 1096; *Tunstall v. State,* (1983) Ind., 451 N.E.2d 1077.

A brief summary of the facts from the record most favorable to the state shows that the victim, a sixty-five year old woman, Marie Lauck, was entering the door of her office building in Indianapolis on July 21, 1981, when she felt her purse being pulled from her arm and her arm wrenched backwards. Lauck turned around and saw a young man later identified as defendant, running back out into the street. She

started yelling and chasing the man. Three other men in the area also chased him and eventually caught and held him as he ran into a parking garage. The police arrested defendant when they arrived and Lauck made an on-the-scene identification. Defendant was committed to a mental hospital for a period of three months after his arrest but was subsequently found to be competent by two court-appointed psychiatrists.

Defendant was charged with robbery as a Class C felony so the state was required to prove each element of that crime beyond a reasonable doubt. The applicable statute reads in pertinent part:

"A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) By using or threatening the use of force on any person; or

(2) By putting any person in fear; commits robbery, a class C felony."

Ind.Code § 35–42–5–1 (Burns 1984 Supp.). Defendant now contends that the sudden snatching of the victim's purse was not done with sufficient force to show that the victim was put in fear. He further argues that the taking did not involve sufficient force to qualify his offense as robbery and that the crime the state had proved was theft. We do not agree.

■ Under our present statute, the offense of robbery as a Class C felony does not require that a certain amount or type of force be proved to establish the commission of that offense. This Court has long recognized that the particular degree of force necessary to constitute robbery is not defined by statute or the common law. We have held that the degree of force used to constitute the crime of robbery has to be a greater degree of force than would be necessary to take possession of the victim's property if no resistance was offered and that there must be enough force to constitute violence. *Shinn v. State,* (1878) 64 Ind. 13; *Brennon v. State,* (1865) 25 Ind. 403, 404. The nature of the threatened force is not material in the definition of

robbery as a Class C felony and any threat of force, conveyed by word or gesture will suffice. *Mendelvitz v. State,* (1981) Ind. App., 416 N.E.2d 1270, 1273.

██ In the instant case, it is clear that defendant used force to rob Lauck. Her purse was pulled off her arm so forcefully that her whole arm was wrenched backward. Her shoulder was sore because of this incident. This was sufficient force to constitute the taking of the purse by violence and is enough force to establish the use of force under the robbery statute.

██ Furthermore, there was sufficient evidence under the facts of this case from which the jury could have inferred the victim was in fear. It is well established that it is not necessary for the victim to testify that she was actually put in fear. There need only be evidence from which the jury can infer that the victim was put in fear. *Baker v. State,* (1980) 273 Ind. 64, 402 N.E.2d 951; *Brewer v. State,* (1977) 267 Ind. 238, 369 N.E.2d 424. The evidence here shows that the victim was a sixty-five year old woman who was approached suddenly from the back. Her purse was pulled off of her arm with such force that her shoulder became sore. The unexpected use of force directed against the victim would be sufficient evidence from which the trier of fact could infer that the victim did experience fear. The verdicts here were sustained by sufficient evidence.

We remand this cause to the trial court for the correction of the sentence as it regards the habitual offender count. The trial court is in all other things affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.