James H. WILSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1282S486.

Supreme Court of Indiana.

Oct. 19, 1984.

Andrew J. Fetsch, Karl K. Vanzo, Beckman, Kelly & Smith, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from convictions of kidnapping, a class A felony, Ind.Code § 35–42–3–2 and robbery, a class B felony, Ind.Code § 35–42–5–1. The case was tried before a jury. Appellant was sentenced to thirty-five years for kidnapping and to fifteen years, to run concurrently, for robbery.

Appellant raises two issues on appeal; (1) whether the State proved the element of "hijacking" within the meaning of the kidnapping statute; (2) whether the State proved the element of "fear" within the meaning of the robbery statute.

These are the facts that tend to support the determination of guilt. At about 9 p.m. on the evening of October 21, 1981, Larry D. Robinson drove his 1981 Pontiac from his home to a nearby liquor store. He parked directly in front of the store, and as he got out of the car, appellant stepped up to him and asked for a cigarette. Robinson told appellant that he had none, went into the liquor store, made purchases, and five minutes later left the store. As Robinson came out of the store, appellant was still there and asked Robinson whether he wanted to buy drugs. Robinson went to his car and attempted to get into the driver's seat. Appellant's accomplice then pointed a shotgun into Robinson's face. Robinson grabbed the barrel and pushed it away. A tussle resulted and appellant ran around and came into the car from the passenger side and produced a handgun. The assailants demanded money, and Robinson threw a small sum to the ground

outside the car. The assailants then forced him into the back seat of the car. There was a discussion as to Robinson getting more money with a bank card. Robinson was forced to give up his wallet, told to lie down in the back seat and ordered to put a coat over his head. Robinson feared for his life and safety.

A police car responded to a radio dispatch and went to the liquor store. The policeman spotted Robinson's car and gave chase. The car reached speeds of approximately ninety miles-per-hour, and a person in Robinson's car fired a gunshot at the police car. The cars entered East Chicago; the Robinson car went through a service station, made a sharp turn, struck a tree, and stopped. The assailants fled on foot and were captured by other police officers. Officer Crespo found Robinson in the back seat of the car.

Appellant was identified by Robinson in court as being one of his two assailants.

(1) Appellant's first contention concerns the interpretation of the element of "hijacking a vehicle" in the kidnapping statute, Ind.Code § 35-42-3-2. Indiana Courts have yet to define the term "hijacking." Appellant asks the Court to apply the definition employed in *Blacks Law Dictionary* 656 (5th Ed.1979); Robbery of goods, or of both vehicle and goods. Appellant contends that if we adopt this definition we must reverse his conviction for kidnapping because the State failed to prove that there were goods in transit and thus failed to prove the element of "hijacking a vehicle."

■■ The statutory elements of the class A felony of kidnapping in the form defined in Ind.Code § 35-42-3-2(b)(2) are:

(1) Knowingly or intentionally

(2) by fraud, enticement, force, or threat of force

(3) removing from one place to another

(4) another person

(5) while hijacking

(6) a vehicle

Kidnapping is an offense within the broad category of offenses against the person. Its primary goal is therefore to deter conduct which can cause bodily injury and mental anguish.

The element of hijacking came into the kidnapping statute in 1977. At the same time the term "vehicle" was defined in Ind.Code § 35-41-1-2 as ". . . a device for transportation by land, water, or air; and includes mobile equipment with provision for transport of an operator." Also at that time, as at the present time, current problems of hijacking included the forcible seizure of control of commercial airplanes, trains, and buses by terrorists motivated by political concerns, and the forcible seizure of private vehicles and persons for a variety of criminal purposes during street crimes.

The term "high-jacker" a half century ago referred to one who holds up and steals booze from other vehicles. *State v. One Certain Buick Sedan,* (1930) 209 Iowa 791, 229 N.W. 173. A hijacker was considered to be ". . . a highwayman who robs bootleggers and rumrunners of their stock in trade." *Webster's New International Dictionary,* Second Edition, 1942. By 1976, *Webster's Third New International Dictionary* recognized a broad usage of the term which extends from one who holds up and robs in the manner of a highjacker, to even one who coerces or forces retail customers to make unwanted purchases. There is no doubt a strong slang dimension to this word. On the basis of that dimension alone, an astute legislative draftsman would have rejected its use.

■■ Poor language does not necessarily result in unconstitutionality. The language must be sufficiently definite to inform a person of common intelligence of the conduct which is prohibited. *Connally v. General Construction Co.,* (1926) 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322. *Grody v. State,* (1972) 257 Ind. 651, 278 N.E.2d 280. Based upon the use of the term "hijacking" in a statute designed to protect persons, the broad statutory definition of a vehicle subject to that action, and the current problems of which we are aware, we do not believe that the legislature intended

to restrict kidnapping to those situations in which the vehicle was transporting goods. The word has a central core meaning which is commonly understood by the public at large; that is, the exercising of unlawful or unauthorized control of a vehicle by force or threat of force upon the vehicle's inhabitants. The legislature used the word in this manner. We discern that the legislature had it in mind in enacting this part of the kidnapping statute to prevent persons from being exposed to that special danger, that increased probability of injury or death, which results when one is seized and confined or transported in a commandeered vehicle. The message intended for the would-be wrong doer, is that if you are going to steal or commandeer a vehicle, let the people in it go and don't force people into it against their will.

The State proved beyond a reasonable doubt that appellant and his accomplice took control of the victim's car by threatening the victim with a shotgun in order to take the victim to a bank so that they could force him to withdraw funds with his bank card. This is sufficient to prove the element of "hijacking a vehicle."

(2) Appellant argues that the State failed to prove that the victim was placed in fear and thus, that the State failed to prove Robbery. The State was required to prove that the victim was placed in fear because that element of fear was alleged in the information charging robbery. The victim did not testify that he was actually put in fear. However, it is well established that it is not necessary for the victim to testify that he was actually put in fear. There need only be evidence from which the jury can infer that the victim was put in fear. *Brewer v. State*, (1977) 267 Ind. 238, 369 N.E.2d 424. *Roberts v. State*, (1976) 265 Ind. 439, 355 N.E.2d 243.

On review, this Court considers only that evidence most favorable to the State and all reasonable inferences therefrom in determining the sufficiency of the evidence. *Reed v. State*, (1979) 180 Ind. App. 5, 387 N.E.2d 82. The evidence most favorable to the State indicates that appellant and his accomplice demanded money from the victim while pointing a shotgun at him. The victim reached into his pockets and threw two to three dollars on the ground. This is evidence from which a jury could reasonably base a belief beyond a reasonable doubt that the victim was put in fear; consequently, the State upheld its burden of proof on this element.

Judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.