**Jerry Duane HOBSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 3–585 A 132.

Court of Appeals of Indiana, Third District.

Oct. 28, 1985.

Robert W. Miller, Elkhart, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant-defendant Jerry Duane Hobson (Hobson) appeals his conviction for engaging in the business of selling motor vehicles on Sunday,[1] a Class B misdemeanor. Hobson challenges his conviction on the bases of vagueness and unconstitutionality of the offended statute.

The evidence pertinent to this appeal and most favorable to the court's determination reveals that Dennis Bechtel (Bechtel), an Elkhart County Sheriff, and Reserve Chief Lowell Barry (Barry) visited RV America, Inc., on Sunday, July 29, 1984. Hobson, who is an employee and majority stockholder of RV America, and several other employees were present. When questioned as to whether he was open for business, Hobson responded affirmatively. Hobson also stated that he had not yet sold anything that day, but he would if the opportunity arose. Additionally, Hobson discussed the purchase of a particular motor home with Barry.

Bechtel informed Hobson that IND. CODE § 24–4–6–1 prohibits engaging in the business of selling motor vehicles on Sunday, and he asked Hobson to close his business. Hobson was issued a summons to appear in court and was charged with violating the above statute.

Prior to trial, Hobson moved for dismissal alleging a defective information and unconstitutionality of the statute. The motion was denied. The State and Hobson entered into a stipulation that at all times material to the proceedings, Hobson engaged in the business of selling various recreational vehicles with and without motors, but not automobiles. The motion for dismissal was renewed after a trial, at which Hobson presented no evidence, and it was again denied. The bench trial resulted in Hobson's conviction.

As restated, Hobson presents two issues for review:

(1) whether the statute, IND.CODE § 24–4–6–1, is sufficiently definite so as to inform a reasonable person of the prohibited conduct; and

(2) whether the statute violates the equal protection and privileges and immunities clause of the Indiana Constitution, Art. 1, § 23.

It is generally understood that a statute must be sufficiently definite to inform a person of common intelligence of the conduct which is prohibited. *Wilson v. State* (1984), Ind., 468 N.E.2d 1375. The

1. IND.CODE § 24–4–6–1.

statute under which Hobson was convicted states:

> "Sec. 1. A person who engages in the business of buying, selling, or trading motor vehicles on Sunday commits a Class B misdemeanor." IND.CODE § 24–4–6–1.

Hobson argues that the terms "engaged," "business," and "motor vehicles" are too vague for the State to prove beyond a reasonable doubt that his conduct violated the statute.

■ Words in a statute must be given their plain meaning when not contradicted by other language in the same statute. *Shettle v. Meeks* (1984), Ind.App., 465 N.E.2d 1136; *see also, Daugherty v. State* (1984), Ind.App., 466 N.E.2d 46.

Hobson does not dispute, and even stipulated, that he was "engaged in the business of selling"[2] certain recreational vehicles and accessories. His vagueness attack appears to be aimed at the term "motor vehicles." The stipulation also specifically notes that Hobson was not engaged in the business of selling automobiles. Hobson contends that the term "motor vehicles," as used in the statute, refers only to automobiles, and that recreational vehicles would be exempt.

■ The statutory definition of "motor vehicles" includes "every vehicle, ...,, which is self-propelled, except those vehicles which are included in the terms 'farm tractor' or 'implement of husbandry'...." IND.CODE § 9–1–1–2(b). Thus, any self-propelled recreational vehicle is a motor vehicle, and does not fall within the exception.

Hobson's second grounds for error challenges the constitutionality of IND.CODE § 24–4–6–1. There is a presumption of constitutionality afforded the statute. *Tinder, Pros. Atty. et al. v. Clarke Auto Co., Inc.* (1958), 238 Ind. 302, 321–322, 149 N.E.2d 808, 817. The predecessor to the present statute was likewise attacked in *Tinder, supra.* In *Tinder,* the lower court granted an injunction prohibiting the en-

forcement of the Sunday closing statute. In reversing the lower court's decision, our Supreme Court stated:

> "At this point we are impelled to comment that we are not unaware of the legislative processes by which laws are enacted. However, under our constitutional form of government, which provides for the separation of powers between the executive, legislative and judicial departments, the legislature (within constitutional limitations) is vested with power and responsibility of declaring the public policy with regard to the exercise of the police power of the state.

\*   \*   \*   \*   \*   \*

> "If persons adversely affected by the acts of the legislature consider the laws enacted to be ill-conceived, unreasonable or oppressive by requiring too great a 'price to be paid for living in a well-ordered society,' they should seek relief from the legislature which enacted the law. They should not call upon the courts to invalidate laws merely because they consider such laws to be oppressive, if rightfully enacted within the scope of legislative authority." 238 Ind. at 324, 149 N.E.2d 818–819.

■ Our Supreme Court has already determined that the predecessor statute was constitutional and rightfully enacted within the scope of the legislature's authority. The analysis applies with equal force to the present statute.

Accordingly, the trial court's judgment is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.

---

2. A partial quotation from the stipulation.