**Thomas M. HIGHTOWER, Jr., Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 185S24.

Supreme Court of Indiana.

April 8, 1986.

John C. Wood, Deputy Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., and Michael B. Murphy, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Thomas Hightower was convicted after a bench trial of robbery, a class A felony, Ind.Code § 35–42–5–1 (amended by P.L. 186–1984); rape, a class B felony, Ind.Code § 35–42–4–1 (Burns 1985 Repl.); confinement, a class D felony, Ind.Code § 35–42–3–3 (Burns 1985 Repl.); and unlawful deviate conduct, a class B felony, Ind.Code § 35–42–4–2 (Burns 1985 Repl.). He was sentenced to concurrent terms of imprisonment of 50, 20 and 4 years, respectively, and to a consecutive term of 20 years on the conviction for unlawful deviate conduct.

The sole issue raised in this direct appeal is the sufficiency of the evidence on the charge of robbery. Specifically, Hightower claims the evidence was insufficient to prove beyond a reasonable doubt that he took the victim's property by putting her in fear. Ind.Code § 35–42–5–1.

We affirm.

The facts most favorable to the judgment of conviction are as follows. Hightower accosted the victim, F.L., in a parking lot while she was sitting in her car. He pulled her out of the car by her hair, telling her in a "mad" voice not to scream. She screamed, and he struck her head with his fist.

Hightower forced F.L. into his car and drove away. She testified she was very frightened. She tried to escape when he stopped at an intersection, but Hightower pulled her back and hit her again. She said that at that point she became even more frightened.

After forcing F.L. to commit sodomy, appellant told her to hand over her purse and she complied. He raped her before letting her out of the car. When asked at trial, "Were you at any time afraid for your life?", F.L. responded, "Yes, very much".

When reviewing the sufficiency of the evidence, this Court will not weigh the evidence or judge the credibility of the witnesses. Rather, we consider only the evidence favorable to the State, together with all logical and reasonable inferences to be drawn from that evidence. The judgment of conviction will be upheld so long as there was substantial evidence of probative value from which the trier of fact could find appellant guilty beyond a reasonable doubt. *Anderson v. State* (1984), 469 N.E.2d 1166.

The State was not required to prove by direct evidence that fear led F.L. to succumb to Hightower's order to give him her property. *Brewer v. State* (1977), 267 Ind. 238, 369 N.E.2d 424. The element of fear in the crime of robbery may be inferred from the circumstances. Id.

Here, F.L. was the victim of criminal episode which lasted approximately 3 hours, during which she was dragged from her car, threatened, beaten, raped, and sodomized. Afterwards, she was shaken and crying. From these circumstances, as well as from the direct testimony that she was frightened at other stages of the incident, the trier of fact could reasonably infer beyond a reasonable doubt that Hightower frightened F.L. into handing him her purse.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.