Leroy Walter BAKER, Petitioner,

v.

Dick CLARK, Warden, and Indiana Attorney General, Respondents.

Civ. No. S90–524.

United States District Court,
N.D. Indiana,
South Bend Division.

Jan. 7, 1991.

Leroy Walter Baker, pro se.

David A. Arthur, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On October 23, 1990, *pro se* petitioner, Leroy Walter Baker, an inmate at the Indiana State Prison, filed a petition seeking relief under 28 U.S.C. § 2254. The return filed by the respondents on November 21, 1990, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982).

The petitioner was convicted in the criminal court of Marion County of the crime of

---

theft, a lesser offense of the robbery charge. On August 20, 1970, he was sentenced by the late Judge Jack T. Davis to a term of one to 10 years. He was then paroled from the sentence on June 24, 1974. Subsequently, on April 28, 1976, while still on parole, the petitioner was convicted in the Criminal Court of Marion County for the crime of robbery and sentenced to two concurrent terms of 30 years. The record discloses that the later robbery convictions were for offenses that occurred on April 6, 1975.

On July 26, 1976, the Indiana Parole Board revoked the petitioner's parole and determined that the start of the two robbery sentences would be held in abeyance pending the completion of the older sentence, that is, the theft sentence to which this court has referred above. The authority for the action of the Parole Board at that time was Indiana Code § 11-1-1-11, which was repealed effective October 1, 1980.

On May 18, 1977, the Parole Board authorized discharge on the theft sentence and the commencement of the service of the new robbery sentences was effective on May 25, 1977. This case appears more complicated on its face than it is in reality, since it apparently demands a careful walk-through of the change in the Indiana Criminal Code which occurred in 1977.

In any event, the Supreme Court of Indiana in *Baker v. State*, 273 Ind. 64, 402 N.E.2d 951 (1980), a unanimous opinion authored by Justice Hunter, was a direct appeal taken from the counts of commission of a felony while armed, namely robbery, which was heard in the Marion Criminal Court Division 4 by Special Judge Harold Kohlmeyer. Justice Hunter held that there was sufficient evidence to sustain those two convictions. It also needs to be pointed out that no challenge to the basis of those convictions has been made here under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

It is basic and elementary under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), *Duckworth v. Serrano*, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981), and *Varnell v. Young*, 839 F.2d 1245 (7th Cir.1988), that as a prerequisite to seeking relief under § 2254, available state remedies must be exhausted. Recently, Justice Scalia, speaking for the Supreme Court of the United States in *Castille v. Peoples*, 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989), reaffirmed the same in no uncertain terms. Most recently, *see also Cruz v. Warden of Dwight Correctional Center*, 907 F.2d 665 (7th Cir.1990). It is equally apparent that the issues presented here have not been presented in the first instance to the courts of the State of Indiana.

Even in the absence of the exhaustion of remedies, there is simply no basis to undermine this sentence under the Eighth Amendment of the Constitution of the United States, as outlined in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

In the Traverse filed on December 5, 1990, the petitioner attempts to take advantage of a recent decision resulting from an appeal from this court in *Harris v. Duckworth*, 909 F.2d 1057 (7th Cir.1990), which deals with § 2254 as it may pertain to conduct adjustment board proceedings within the state prison. That is not the procedural framework in which this case comes up. There is a substantial difference between the procedural setting of a conduct adjustment board prison to discipline prisoners for conduct within the prison, and the Indiana Parole Board and its function dealing with sentences which cause people to be placed in prison in the first instance.

When it is all said and done, this petitioner must exhaust available state remedies and has not done so. Therefore, this petition is now DISMISSED WITHOUT PREJUDICE. IT IS SO ORDERED.