**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**
Nov 25 2013, 5:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARIELENA DUERRING**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MARJORIE LAWYER-SMITH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DORIAN STEPHENS,                      )
                                      )
    Appellant-Defendant,              )
                                      )
        vs.                        )     No.  20A05-1304-CR-175
                                      )
STATE OF INDIANA,                     )
                                      )
    Appellee-Plaintiff.               )

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-1104-FB-12

**November 25, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, appellant-defendant Dorian Stephens argues that the State violated his due process rights when it failed to produce its cooperating sources. The State used these sources in its investigation of Stephens, who was ultimately charged with and convicted of three counts of Dealing in a Narcotic,[1] a class B felony, and one count of Money Laundering,[2] a class D felony. Stephens contends that these cooperating sources were material witnesses and, therefore, the State's failure to produce them constitutes a violation of due process.

Additionally, both Stephens and the State point to an ambiguity in the sentencing process, as the sentence the trial court announced in its oral sentencing statement differs from the sentence set forth in the written sentencing order and Abstract of Judgment. In addition, the State avers that the trial court incorrectly sentenced Stephens to an additional twenty-year term because of Stephens's status as an habitual offender.[3]

We affirm Stephens's convictions, but remand the cause to the trial court for sentencing clarification and correction.

## FACTS

In March 2011, Undercover Officer 193 (UC 193) with the Elkhart County Sheriff's Department witnessed Stephens deliver heroin on three separate occasions. On March 10, 2011, UC 193 was in a vehicle owned by a cooperating source. Another

---

[1] Indiana Code § 35-48-4-1

[2] Indiana Code § 35-45-15-5

[3] Indiana Code § 35-50-2-8

2

cooperating source sat in the vehicle. From the front seat, UC 193 witnessed Stephens deliver heroin to the cooperating source in exchange for money. On March 14, 2011, UC 193 was present to witness an exchange that one of the cooperating sources had arranged with Stephens. Stephens stepped into the vehicle, and while UC 193 was present, provided heroin in exchange for money. On March 21, 2011, UC 193 was again in the backseat of the cooperating source's vehicle when he witnessed a cooperating source reach through the vehicle's window to give Stephens money in exchange for heroin.

On April 4, 2011, the State charged Stephens with three counts of dealing in a narcotic and one count of money laundering, and on June 7, 2011, the State amended the charges to add an habitual offender count. Stephens's trial was bifurcated. The jury found him guilty on all four felony counts, and, during the second portion of the trial, the trial court found him to be an habitual offender.

Directly preceding the trial, Stephens made an objection that the State was unable to produce its two cooperating sources as witnesses, stating that the defense had not had an opportunity to depose them. Stephens's attorney stated that he was unsure whether the defense would have called the cooperating sources as witnesses because he was unable to depose them, as the State was unable to produce them despite a subpoena. Arguing that the defense believed the cooperating sources to be material witnesses, the defense objected to proceeding to trial without the sources. The State responded that it was unable, despite its efforts, to locate the sources, and that it believed that it could make its case without them, as it had an undercover police officer who had directly witnessed

Stephens deliver narcotics. The State also pointed out that Stephens had been aware of the fact that the cooperating sources were unavailable for months, and yet had not issued a deposition subpoena for them until five days before the trial. The trial court overruled Stephens's objection, and ordered the trial to proceed.

At the sentencing hearing, the trial court orally sentenced Stephens to fifteen years on each of the class B felony dealing in narcotics counts, to run concurrently, two years on the class D felony, to run consecutively to the first three counts, and to twenty years on the habitual offender enhancement, to run consecutively to the other counts for an aggregate term of thirty seven years.[4] However, both the Abstract of Judgment and the written sentencing order reflect a different sentence of twenty years for the class B felonies, to run concurrently, to two years and six months for the class D felony, to run consecutively to the first three counts, and to twenty years for the habitual offender enhancement, again to run consecutively to the other counts for an aggregate term of forty-two and a half years.

Stephens now appeals.

---

[4] As is discussed more fully below, the term imposed on an habitual offender finding constitutes an enhancement of one of the underlying charges. It is improper for the trial court to order the term imposed on the habitual offender finding as a separate consecutive sentence.

## DISCUSSION AND DECISION

### I. Cooperating Sources

Stephens argues that his due process rights were violated when the trial court overruled his objection and allowed the trial to commence when the State failed to produce two cooperating sources.

In Indiana, the general policy is to prevent disclosure of a confidential informant's identity unless the defendant can demonstrate that disclosure is relevant and helpful to his defense or is necessary for a fair trial. Shell v. State, 927 N.E.2d 413, 419 (Ind. Ct. App. 2010). The burden of demonstrating the need for disclosure rests with the defendant, and bare speculation that the informant's identity may prove useful is not enough to justify disclosure. Mays v. State, 907 N.E.2d 128, 131 (Ind. Ct. App. 2009). A conviction may be reversed where the police negligently withhold or destroy material evidence. Ortez v. State, 165 Ind. App. 678, 333 N.E.2d 838, 841 (1975).

Here, Stephens has shown that the cooperating sources were material witnesses to each of the drug transfers. Using the same analysis this Court employed in Burst v. State, it is clear that the level of involvement the confidential sources had in this case demonstrates their materiality. 499 N.E.2d 1140, 1146. The cooperating sources were present at, and actively participated in, each of the transfers. Tr. p. 80, 92-93, 101, 103, 158, 167, 211, 220. They were the initial link to Stephens, and they facilitated the transactions. Id. at 183, 80, 83, 101, 111.

This Court has reversed convictions when the State actively takes part in putting an informant beyond the defendant's reach. Ortez v. State, 165 Ind. App. 678, 333 N.E.2d 838, 847 (1975). In Dorsey v. State, our Supreme Court reversed and remanded the defendant's case when the State purposefully helped its informant find his way to California, and then disobeyed a court order for his production as a witness at trial. 245 Ind. 409, 260 N.E.2d 800, 418 (1970). Likewise, in Ortez, this Court reversed and remanded the defendant's criminal conviction where the police removed the informant beyond the defendant's reach, refused to produce him for deposition, and there was evidence the State had maintained contact with the informant. Ortez, 333 N.E.2d at 694. In Burst, this Court reviewed those decisions, and reversed another criminal conviction when it found that the State had precluded a defendant from having the benefit of a material informant's testimony. Burst, 499 N.E2d at 1147. However, we also limited our holding in Burst to the facts presented in that case, noting that:

> We in no way wish to intimate that the State must babysit informants or prepare a defendant's case for him. In cases such as this one, however, where the state actively makes its "special employee" unavailable to the defendant and where the defendant demonstrates the materiality of the "special employee" we must reverse and remand . . . ."

Id. It was clear that this Court's determination was based on the State's misconduct.

While Stephens has demonstrated that the cooperating sources were material witnesses, there is no evidence in the record to show that the State acted in anything but good faith. Indeed, the State made efforts to procure the cooperating sources, but was unable to do so. Tr. p. 24, 137-38. Moreover, Stephens was aware for months before

6

trial that the sources were unavailable, and waited until about five days before trial to subpoena them for deposition. Id. at 24. In other words, there is no evidence demonstrating that the State purposefully removed these cooperating sources from Stephens's reach, and there is no evidence to suggest that the testimony of the cooperating sources would have been favorable to Stephens. As discussed above, the State believed that it could make its case without the cooperating sources. In fact, a jury convicted Stephens on other evidence, including the eyewitness testimony of the undercover police officer who directly witnessed Stephens deliver heroin to the cooperating sources. As a result, we conclude that the trial court did not violate Stephens's due process rights when it overruled his objection and allowed the trial to commence without the presence of the cooperating sources.

## II. Sentencing

This Court, in reviewing sentences, will examine both the written and oral sentencing statement to discern the findings of the trial court. McElroy v. State, 865 N.E.2d 854, 589 (Ind. 2007). We will not presume the accuracy of the oral statement, but examine it alongside the written sentencing statement to assess the conclusions of the trial court. Id. The court has the option of crediting the statement that accurately reflects the sentence agreement or remanding for resentencing. Wiley v. State, 712 N.E.2d 434, 446 n.8 (Ind. 1999).

Here, both Stephens and the State point out that the sentence pronounced during the oral sentencing statement and the sentence reflected in the written sentencing order

and Abstract of Judgment are different. At the sentencing hearing, the trial court orally sentenced Stephens to fifteen years on each count of the class B felony of dealing in narcotics, to run concurrently, to two years for the class D felony, to run consecutively to the first three counts, and to twenty years for the habitual offender enhancement, to run consecutively to the other counts, reflecting an aggregate sentence of thirty-seven years. However, both the Abstract of Judgment and the written sentencing order reflect a sentence of twenty years on the class B felony counts, to run concurrently, to two years and six months on the class D felony, to run consecutively to the first three counts, and to twenty years on the habitual offender count to run consecutively to the other counts, reflecting an aggregating resentence of forty-two and one-half years. Such a disparity does not amount to a simple clerical error, and in reviewing the oral and written sentencing statements, this Court cannot discern which sentence the trial court meant to impose.

The State also avers, and we agree, that the trial court erred when it imposed a separate consecutive twenty-year term on the habitual offender count rather than enhancing one of the felony convictions. As we pointed out above, our Supreme Court has consistently held that the determination of habitual offender status cannot be treated as a separate crime, but rather allows the trial court to enhance the sentence of an underlying felony. Maul v. State, 467 N.E.2d 1197, 1199 (Ind. 1984). Thus, the trial court erred when it imposed a separate consecutive sentence for the habitual offender enhancement, and did not identify which felony it was enhancing.

8

### III. Conclusion

We conclude that Stephens was not deprived of his due process rights when the trial court overruled his objection to moving forward with his trial although the State could not produce the cooperating sources. We therefore affirm Stephens's convictions. However, we find that the trial court erred in sentencing Stephens when it 1) sentenced Stephens differently in the oral and written sentencing statements and 2) provided for a separate sentence in light of the habitual offender finding. Consequently, we remand this cause to the trial court to clarify and correct the sentence.

The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

NAJAM, J., and CRONE, J., concur.

9