**Freddie CLEMMONS, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8804–CR–408.**

Supreme Court of Indiana.

May 31, 1989.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

■ A jury trial resulted in the conviction of appellant of the crime of Robbery, a Class C felony, for which he was sentenced to a term of five (5) years enhanced by thirty (30) years by reason of his status as an habitual offender, and Theft, a Class D felony, for which he received a sentence of two (2) years. We note that inasmuch as theft is an included offense within the charge of robbery, the two convictions should have been merged and no separate sentence entered on the crime of theft. This case will therefore be remanded to the trial court with instructions to expunge the theft portion of the conviction and sentence.

The facts are: On March 10, 1987, April Richardson was employed as a cashier at the Kroger Grocery located on East 16th Street in Indianapolis. At approximately

11:00 a.m. on that date, a man later identified as appellant entered the store, walked up to Richardson with one hand in his jacket, and said, "Give me the money bitch." As Richardson backed away, he grabbed money from her hand and also took money from the cash register. Richardson testified that because of appellant's action, "I was scared." When Richardson alerted other employees that she just had been robbed, five of them gave chase and captured appellant a short distance from the store.

He was found to have $180 in cash, two $10 food stamps, a Kroger meat coupon, and a Kroger cash register receipt on his person.

Appellant's sole assignment of error is that there is insufficient evidence to sustain his conviction for robbery. He contends that there is no proof in this record that he actually placed Richardson in fear in order to obtain the money and other property; thus the most the proof submitted by the State established was that he committed a theft.

We cannot agree with appellant in his analysis of the evidence in this case. This Court has said many times that it is not necessary for a victim to testify that he or she was actually put in fear. There only need be evidence from which the jury can infer that the victim was in fact put in fear.

 In the case at bar, in addition to the fact that Richardson testified she was placed in fear, the evidence shows as appellant approached her and demanded her money, she backed away from him and permitted him to jerk money from her hand. She also permitted him to rifle the cash drawer of the register. This is ample evidence from which the jury could conclude that Richardson was in fact placed in fear. *Dudley v. State* (1985), Ind., 480 N.E.2d 881; *Babbs v. State* (1983), Ind., 451 N.E.2d 655. We also have held that any threat of force conveyed by word or gesture will suffice as the element of fear required by the robbery statute. *Maul v. State* (1984), Ind., 467 N.E.2d 1197.

There is ample evidence in this record to support the verdict of the jury.

Inasmuch as a crime of theft was an included offense in the crime of robbery, it merged therewith. *McGraw v. State* (1987), Ind., 514 N.E.2d 621.

This cause is remanded to the trial court with instructions to expunge the conviction and sentence for theft. The trial court is otherwise affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.