Jerry **RIGSBY**, Jr., Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 34A02–9103–CR–113 [1].

Court of Appeals of Indiana,
Fifth District.

Dec. 19, 1991.

1. This case has been diverted to this office by order of the Chief Judge.

Caroline B. Briggs, Flora, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

Jerry Rigsby appeals his conviction of Robbery, a Class C felony. While five issues are raised, we need discuss only two:

I. Was it error to refuse Rigsby's tendered instruction defining fear?

II. Was the evidence sufficient to support the verdict?

We reverse.

## FACTS

The facts most favorable to the verdict reveal that in May of 1989 Woodrow Bowling worked in his father's bar in Converse, Indiana. To close the bar on May 16, he counted the day's receipts, left $250.00 in the cash register for the next day, and put the remaining cash and checks in a red zipper bank bag. After closing, Bowling put the money bag under the spare tire in his friend Brian Bright's car trunk and the two drove in Bright's car to the Hip Hugger Lounge in Kokomo. While in the lounge, they were approached by appellant Jerry Rigsby, who asked them about the possibility of acquiring drugs and indicated he was a police officer by showing them a badge.

Upon leaving the Hip Hugger Lounge, Bowling and Bright were approached by Rigsby and two individuals. Rigsby had his badge out and a walkie-talkie in his hand. He announced that this was a drug bust, he was a narcotics officer and that Bowling and Bright were under arrest. Following Rigsby's orders, Bowling and Bright put their hands on the car. Rigsby talked into the walkie-talkie and requested back-up while the other two frisked Bowling and Bright and pulled their arms behind their backs as if to handcuff them. Bright was pushed around and slapped with the antenna of the walkie-talkie before being persuaded to unlock his car. Bowling, believing Rigsby was a police officer, informed him the money bag was in the car and the bag was eventually located in a search by the three men. Rigsby then removed most of the cash from the money bag and the three fled.

## REFUSAL OF INSTRUCTION

The trial court refused to give Rigsby's tendered final instruction that "[f]ear means fear of bodily injury." In reviewing a trial court's refusal to give a requested

jury instruction, we consider whether the instruction correctly states the law, whether evidence in the record supports giving the instruction, and whether the substance of the tendered instruction was covered by other instructions. *Reinbold v. State* (1990), Ind., 555 N.E.2d 463.

The tendered instruction was a correct statement of the law. The robbery statute, Ind.Code 35–42–5–1, provides:

A person who knowingly or intentionally takes property from another person or from the presence of another person:

(1) by using or threatening the use of force on any person; or

(2) by putting any person in fear; commits robbery, a Class C felony.

The information charging Rigsby with robbery alleged that he took property from the presence of Bowling and Bright by putting them in fear. The State chose to charge Rigsby with robbery by putting in fear, rather than robbery by force or threat of force. The only testimony concerning the element of fear was that Bowling was afraid of "going to jail."

■ While "putting in fear" is not defined by statute, case law reflects that a fear of bodily injury or personal harm is required to support a conviction requiring a person be put in "fear". *Koby v. State* (1935), 209 Ind. 91, 198 N.E. 88 ("actual use of violence is not essential to the commission of robbery if the conduct of the alleged robber is such as to put the victim in fear of bodily injury in case of noncompliance with the robber's demand"); *Perkins v. State* (1879), 65 Ind. 317 (fear required to support conviction was fear of personal danger, and fear of being sent to prison would not suffice); *Shinn v. State* (1878), 64 Ind. 13, 18 (the law considers fear as constructive violence and obtaining money clandestinely, or by trick or contrivance, not preceded by either violence or putting in fear, will not support a conviction for robbery). Thus, Rigsby's tendered instruction that fear, in a robbery context, means fear of bodily injury was a correct statement of the law.

■ The record contained evidence to support the giving of the instruction. Rigsby pretended to be a police officer and used this ruse to effect a consensual search of Bright's car. Bowling, believing Rigsby was a police officer, voluntarily told him the money bag was in the trunk. Rigsby then obtained the money and fled. Bowling testified that he was "afraid" of going to jail. If Rigsby accomplished the taking by simply putting Bowling in fear of going to jail, and not in fear of bodily injury, then the elements necessary to support the robbery conviction were not established. Further, the concept that fear means a fear of bodily injury was not contained in any other instruction.

The State argues that refusal of the instruction was not error because "fear" is not a term of art, does not have a technical or legal meaning, and is used in a common and ordinary manner. However, because case law specifically excludes fear of arrest or going to jail from the meaning of "fear" as used in the current robbery statute and its predecessors, and this case revolves around whether the money was obtained by deception or by putting the victims in fear of bodily injury, Rigsby was entitled to have the jury instructed on the legal definition of fear. The evidence establishing the elements of robbery, by putting in fear, was not overwhelming, and because we cannot say that refusal to give the instruction did not contribute to the verdict, Rigsby is entitled to a new trial. *Jarver v. State* (1976), 265 Ind. 525, 356 N.E.2d 215.

SUFFICIENCY OF THE EVIDENCE

Rigsby contends that the State presented insufficient evidence to establish an essential element of the robbery as charged, namely that the money was taken by putting Bowling in fear.

■ When reviewing the sufficiency of the evidence, we do not weigh the evidence or judge the credibility of the witnesses. Rather, we look at the facts and evidence in the light most favorable to the State, together with all reasonable inferences

thereon, to determine whether there is substantial evidence of probative value to support the conviction. *Everroad v. State* (1991), Ind., 571 N.E.2d 1240.

As discussed previously, we agree with Rigsby's contention that fear of bodily injury is an essential element of the charged offense. However, a victim need not testify that he was actually put in fear so long as the record contains sufficient evidence from which the jury could infer that the victim in fact feared bodily injury. *Clemmons v. State* (1989), Ind., 538 N.E.2d 1389. *Freeman v. State* (1987), Ind., 510 N.E.2d 1338. In the case before us, Bowling and Bright were accosted by three men claiming to be police officers. Their hands were pulled behind their backs as if to be handcuffed and Bright was slapped with the antenna of a walkie-talkie. Looking at this evidence in the light most favorable to the verdict, the jury could have reasonably inferred from these circumstances that Bowling and Bright were put in fear of bodily injury. Thus, sufficient evidence supports the conviction.

Notwithstanding our determination on the sufficiency of the evidence, because we do not know whether the jury based its verdict on Bowling's testimony that he was afraid of going to jail or on the inference that Bowling and Bright feared bodily injury, the refusal to instruct the jury on the legal definition of fear requires reversal of Rigsby's conviction and remand for a new trial.

REVERSED AND REMANDED.

RUCKER, J., concurs.

CHEZEM, J., concurs in result.