Daryl BROWN, Defendant–Appellant,

v.

STATE of Indiana Plaintiff–Appellee.

No. 06S00–9311–CR–1290.

Supreme Court of Indiana.

May 22, 1995.

Ronald L. Lehrman, Lebanon, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Daryl Brown was convicted following a jury trial of burglary, a class B felony; theft, a class D felony; criminal recklessness with a deadly weapon, a class D felony; kidnapping, a class A felony; residential entry, a class D felony; robbery, a class B felony; and theft, a class D felony. He was also found to be a habitual offender. In this direct appeal, he presents the following issues: (1) convictions of both robbery and theft based upon the same act; (2) denial of the motion for separate trials; (3) admission of conviction records during the habitual offender phase; (4) sufficiency of evidence as to the criminal recklessness conviction; and (5) confiscation of funds.

### 1. Same Act as Basis for Theft and Robbery Conviction

■ Citing *Winfrey v. State* (1989), Ind., 547 N.E.2d 272, the defendant asserts that he was improperly placed in double jeopardy due to the fact that the taking of a single piece of property—a handgun—was the basis

for both his theft conviction on Count VII of the indictment and his robbery conviction on Count VI of the indictment. Accordingly, the defendant complains that the theft conviction was a lesser included offense of robbery and that the two should have been merged after the jury returned the verdict. The State does not dispute this argument. Theft is a lesser included offense of robbery, and therefore the two convictions should have been merged. *Clemmons v. State* (1989), Ind., 538 N.E.2d 1389, 1389.

### 2. Denial of Motion for Separate Trials

■ The defendant was tried on seven separate counts. Counts I through III stemmed from acts the defendant committed on July 1, and counts IV through VII were based on acts committed on July 2. The defendant alleges that the crimes he was charged with committing on July 1 should have been tried separately from the crimes which he was charged with committing on July 2.

Citing Indiana Code § 35–34–1–11(a),[1] the defendant argues that the charges had only been consolidated because the acts were of the same or a similar nature—both involved residential break-ins—and that he is therefore entitled to severance. The State concedes that when offenses are joined due to similarity, a defendant is entitled to separate trials, but it argues that in cases where the joinder is not solely on the grounds of similarity of the offenses, the trial judge has discretion to determine whether severance would promote a fair determination of the defendant's guilt. We agree.

■ The charges were not joined because of any perceived similarities in the nature of the crimes but because all crimes occurred during the course of a two-day crime spree.

---

1. Indiana Code § 35–34–1–11(a) provides:

Whenever two (2) or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses. In all other cases the court, upon motion of the defendant or the prosecutor, shall grant a severance of offenses whenever

the court determines that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense considering:
(1) the number of offenses charged;
(2) the complexity of the evidence to be offered; and
(3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

In fact, the diverse number of crimes charged included kidnapping, robbery, burglary, and reckless endangerment—each perpetrated in a distinct way and similar only with respect to their proximity in time. These crimes varied in the elements required and the nature of the offenses and were apparently joined based on grounds other than similarity. Severance is therefore not mandated by Indiana Code § 35–34–1–11. We will only reverse the judgment and order new, separate trials if the defendant can "show that in light of what actually occurred at trial, the denial of a separate trial subjected him to such prejudice that the trial court abused its discretion in refusing to grant his motion for severance." *Hunt v. State* (1983), Ind., 455 N.E.2d 307, 312.

In the present case, the defendant broke into Jerry Johnson's home; and, when Mr. Johnson discovered the crime in progress, the defendant fired on him in furtherance of his escape. At this point, the defendant was a fugitive, and the police learned of his identity soon thereafter. In order to avoid capture, the defendant broke into and entered Sally Shultz's home. Armed with a handgun, he confronted Shultz and her father, Dale Pugh, demanded and obtained Pugh's handgun, and forced Shultz and Pugh to drive him to a place where he might evade capture. These acts constituted an uninterrupted transaction and as such would be admissible under the rule of *res gestae* at both trials if separate trials had been held. *See Lannan v. State* (1992), 600 N.E.2d 1334, 1339. Accordingly, this Court finds no prejudice or error in the trial court's denial of the defendant's motion.

### 3. Admission of Conviction Records

■ In order to prove the defendant's prior felony convictions for purposes of the habitual offender proceeding, the State introduced Exhibit 41, a certified copy of court records. The defendant asserts that these records were not properly authenticated pursuant to Indiana Code § 34–1–17–7 and presents two arguments on this issue. The first is that the witness who introduced the exhibit lacked personal knowledge of its preparation. The second is that, because the copies of the

court records had been separated from the clerk's certification, they were not admissible to prove the past convictions.

■ The defendant's first argument fails because neither Trial Rule 44 nor Indiana Code § 34–1–17–7 requires live testimony by the keeper of the records. *See McCollum v. State* (1990), Ind., 582 N.E.2d 804, 814. Nor is the defendant's second assertion well taken. The validity of records from a foreign jurisdiction does not rely upon the sturdiness of the binder. *Cf. Brackens v. State* (1985), Ind., 480 N.E.2d 536, 542 (holding that documents attached with paper clip to certification were not rendered unreliable). Moreover, when the cause numbers and case names on the documents attached to the clerk's certification match those listed on the certification, sufficient reliability is provided for admission of the exhibit. *See McCollum,* 582 N.E.2d at 814–15. State's Exhibit 41 was properly introduced into evidence.

### 4. Sufficiency of Evidence

■ The defendant next contends that there was insufficient evidence to convict him on the charge of criminal recklessness. He argues that there was not a sufficient quantum of proof to show that he created a substantial risk of bodily injury when he discharged the firearm while being pursued by Johnson. The State counters that, in fact, the evidence most favorable to the verdict amply supports the conviction.

■ An appellate claim of insufficient evidence will prevail if, considering the probative evidence and reasonable inferences which support the judgment, and without weighing evidence or assessing witness credibility, we conclude that no reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223, 226; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.E.2d 105.

The evidence favorable to the conviction demonstrates that the defendant burglarized Johnson's home on the morning of July 1. When Johnson returned home and interrupted the defendant's activities, the defendant

fled in a red truck loaded with various items of Johnson's personalty. Johnson attempted to give chase in his automobile, but he broke off pursuit after he heard gunshots from the defendant's pickup truck. After abandoning the chase, Johnson went to a nearby house and contacted law enforcement officials. A bullet hole was found in one of Johnson's garage doors at the end of his driveway.

The defendant argues that although the evidence proved the discharge of a firearm, it was insufficient to prove "that the direction of discharge was such as to create a substantial risk of bodily injury to Johnson." The defendant contends that the location of the vehicles with respect to the position of the garage and driveway placed the path of a bullet fired from the defendant's truck to the garage sufficiently far from Johnson's car that Johnson was not placed at substantial risk of injury.

However, the evidence does not necessarily lead to the inference of physical positioning and the resulting conclusion urged by the defendant. The jury reasonably could have found that the defendant was just turning off of the driveway when the shots were fired, thus placing Johnson's car in the path of the bullet striking the garage door. The evidence was sufficient for the conviction of criminal recklessness. We find no error on this issue.

### 5. Confiscation of Funds

■ Prior to the defendant's sentencing and upon the State's motion, the trial court appropriated $176.43 from the defendant's commissary account with the sheriff's office. During his incarceration, the defendant had received a tax refund check for $304.00, of which he had spent a portion, leaving $176.43. The prosecutor justified the seizure of the funds as reimbursement to the taxpayers for providing the defendant's defense.

The defendant argues that courts may impose authorized fines and order restitution but that Indiana has no recoupment statute permitting the State to recover expenditures for indigent defense after trial. To the contrary, Indiana Code § 33–9–11.5–6 authorizes a court, upon a finding of ability to pay the costs of representation, to require a defen-

dant to pay attorney's fees for appointed counsel and costs incurred by the county as a result of court-appointed legal services. The defendant does not assert any claim that the trial court violated this statutory authorization. We find no error on this issue.

### Conclusion

The defendant's conviction of theft is merged with and subsumed under his conviction for the greater offense of robbery, and the separate conviction and sentence for the offense of theft are vacated. All other convictions are affirmed.

SHEPARD, C.J., and DeBRULER, SULLIVAN and SELBY, JJ., concur.