Gerald A. RICKERT, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–0702–CR–85.

Court of Appeals of Indiana.

Nov. 28, 2007.

T. Edward Page, Cohen and Thiros, PC, Merrillville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

Gerald A. Rickert appeals his conviction for Robbery While Armed with a Deadly Weapon,[1] a class B felony, as well as his sentencing enhancement for being a habitual offender. Rickert presents the following restated issues for review:

1. Did the State present sufficient evidence to support his robbery conviction?
2. Did the trial court improperly sentence Rickert with respect to his habitual offender enhancement?

We affirm.

On the afternoon of April 28, 2006, Rickert entered a Clark Oil gas station and pointed a handgun[2] at the cashier, Jennifer Smith. He ordered Smith to quickly give him all the money in the register, and she handed him approximately $750 out of the register. Smith complied because he was pointing a gun at her. Within fifteen to twenty seconds, Rickert ordered Smith to go to the back room, where a small office was located. She complied, once again, because of the gun pointed directly at her and because she was "afraid what would happen, especially when he walked away." *Trial Transcript* at 118.

After waiting in the back room for a few seconds, Smith looked out and then ran to the front door to lock it so that she could call the police. At that time, the manager of the gas station, Judi Beaver, drove into the parking lot. Smith, who appeared "frazzled", "emotional", and "all jumpy", ran out to Beaver and reported the robbery. *Id.* at 43. They then went into the store together and called 911.

On May 9, 2006, Rickert was charged with robbery and criminal confinement, both as class B felonies for being committed while armed with a deadly weapon. The State also subsequently alleged that Rickert was a habitual offender. Before trial, the State amended the charging information and added two lesser counts of robbery and confinement. Rickert's jury trial was held in December 2006, and the jury found him guilty as charged of both counts of robbery and both counts of confinement. Rickert then waived his right to a jury determination of his status as a habitual offender, and the trial court subsequently found him to be a habitual offender.

At the sentencing hearing, the trial court entered judgments of conviction on the class B felony robbery and confinement counts. The court sentenced Rickert to twenty years on each count, with the sentences to run concurrently. The trial court then enhanced Rickert's aggregate sentence by an additional twenty-five years for being a habitual offender, though the court did not specifically designate to which conviction the enhancement attached. Rickert now appeals.

1.

Rickert initially challenges his robbery conviction on sufficiency grounds.[3] Specifically, he claims that while the evidence established that he took money from the

---

1. Ind.Code Ann. § 35–42–5–1 (West 2004).

2. Though the handgun appeared to be a firearm, it was determined the following week, upon Rickert's arrest, that the handgun was actually an air pistol "modeled after a Beretta 92F." *Trial Transcript* at 243.

3. He does not challenge his conviction for criminal confinement, as a class B felony.

person or presence of Smith, the evidence did not establish that he did so by putting Smith in fear. Rather, he argues that the evidence merely established that the taking was accomplished by force or threat of force, which was not charged.[4]

When considering a challenge to the sufficiency of evidence supporting a conviction, we neither reweigh the evidence nor judge witness credibility. *McHenry v. State*, 820 N.E.2d 124 (Ind. 2005). This review "respects 'the jury's exclusive province to weigh conflicting evidence.'" *Id.* at 126 (quoting *Alkhalidi v. State*, 753 N.E.2d 625, 627 (Ind.2001)). Considering only the probative evidence and reasonable inferences supporting the verdict, we must affirm " 'if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.'" *McHenry v. State*, 820 N.E.2d at 126 (quoting *Tobar v. State*, 740 N.E.2d 109, 111–12 (Ind.2000)).

To convict Rickert of robbery while armed with a deadly weapon, as charged, the State was required to prove: Rickert knowingly or intentionally took property from the person or presence of Smith, while armed with a deadly weapon, by putting Smith in fear. *See* I.C. § 35–42–5–1. As set forth above, the only element Rickert challenges on appeal is that of fear.

Fear of bodily injury or personal harm in the case of noncompliance with the robber's demands is required to support a conviction requiring a person be put in fear. *Rigsby v. State*, 582 N.E.2d 910 (Ind.Ct.App.1991). In order to establish the element of fear, however, it is not

necessary for the victim to testify that he or she was actually put in fear. *Clemmons v. State*, 538 N.E.2d 1389 (Ind.1989). "There only need be evidence from which the jury can infer that the victim was in fact put in fear." *Id.* at 1390.

In support of his sufficiency challenge, Rickert directs us to Smith's testimony that she was not afraid during the robbery. He acknowledges that if the record was silent about Smith's state of mind during the robbery, "case law would suggest that fear could be implied." *Appellant's Brief* at 9. He asserts, however, that fear may not be inferred where the victim expressly testified that she was not put in fear during the robbery.

While Smith testified she was not fearful during the robbery, she explained that the robbery happened so fast (within fifteen or twenty seconds) that she did not have time to "register what all had happened" until after Rickert fled. *Trial Transcript* at 76. Smith further indicated that she obeyed Rickert's demands because he had a handgun pointed directly at her. *See id.* at 118 ("if there was no weapon or anything pointed at me, I would not have gave him the money"). When she approached Beaver seconds after the robbery, Smith testified the "severity of it" kicked in and she "[s]tarted to get scared" and realized her "blood was pumping pretty fast." *Id.* at 76. Moreover, Beaver described Smith's demeanor immediately following the robbery as frazzled, emotional, and "all jumpy". *Id.* at 43.

The fact Smith did not mentally process that she was afraid until after Rickert left the store did not bar the jury from inferring that Smith handed over the money out of fear. *See Baker v. State*, 273 Ind.

---

4. I.C. § 35–42–5–1 provides robbery may be accomplished by force or threat of force or by putting in fear.

64, 402 N.E.2d 951 (1980) (jury could reasonably conclude fear existed from the circumstances surrounding the incident despite the victim's contrary protestation). In *Baker,* our Supreme Court explained:

> It is well established that it is not necessary for the victim to testify that he was actually put in fear. There need only be evidence from which the jury can infer that the victim was put in fear.

> In this case, the evidence showed that two of the robbers were holding guns on the victims. Mrs. Thomas acted as she was ordered to by the gunmen in opening the cash register and then standing still and not turning around. She did nothing to prevent the money from being taken. The three other employees testified that they were afraid during the robbery. This was substantial evidence of probative value from which the jury could infer that Mrs. Thomas surrendered the money because she was afraid.

*Id.* at 953 (citations omitted). In the instant case, Smith was similarly robbed at gunpoint. She complied with Rickert's requests and handed over the money in the register. Moreover, Smith testified that she processed the incident and became afraid within seconds after the robbery was completed (in other words, about a minute after the robbery commenced). This constituted sufficient evidence from which the jury could infer that Smith surrendered the money because she was afraid.

2.

■ Rickert also argues that the trial court improperly sentenced him as a habitual offender by failing to indicate to which of his two convictions the habitual offender enhancement attached. He contends remand is necessary to correct the error.

Our Supreme Court has held that, in the event of simultaneous multiple felony convictions and a finding of habitual offender status, the trial court must impose the resulting penalty enhancement upon only one of the convictions and must specify the conviction to be so enhanced. *Carter v. State,* 686 N.E.2d 834 (Ind.1997). Inasmuch as both convictions still stand in the case at bar and the trial court ordered both twenty-year sentences to run concurrently, however, we decline to remand this cause to the trial court for resentencing to apply the habitual offender enhancement to only one of the two class B felony convictions. *See id.; see also Corn v. State,* 659 N.E.2d 554, 558 (Ind.1995) (finding "no utility" in remanding for resentencing because "inasmuch as all five kidnapping counts are to be served concurrently the trial court committed at most a technical error" when it enhanced each conviction by thirty years due to the habitual offender finding).

Judgment affirmed.

RILEY, J., and SHARPNACK, J., concur.