**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 07-4177 |
| v. | (D. Utah) |
| GARRY COBLENTZ, | (D.C. No. 06-CR-484-TC) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant and defendant Garry Coblentz was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and one count of possession of methamphetamine with intent to distribute, in violation of

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

21 U.S.C. § 841(a)(1). Coblentz pled guilty to the felon in possession charge and was sentenced to fifteen years' imprisonment, followed by thirty-six months of supervised release. He seeks to appeal his sentence.

Coblentz's appointed counsel, federal public defender Steven B. Killpack, has filed an Anders brief and has moved to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Coblentz has not filed a response and the government has declined to file a brief. We therefore base our conclusion on counsel's brief and our own independent review of the record in this case. For the reasons set forth below, we agree with Mr. Killpack that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

## BACKGROUND

On April 13, 2006, a West Valley, Utah, police officer observed Coblentz's car speeding fifty-six miles per hour in a thirty-five miles per hour zone. When the officer attempted to make a traffic stop, a high-speed chase ensued. Eventually, Coblentz jumped from his car and fled on foot. As the officer was about to give chase on foot, he saw Coblentz start to climb over a six-foot chain link fence. At that point, Coblentz reached down and pulled something out of his sock. The officer then told Coblentz to stop and observed Coblentz throw a baggie over the fence. The officer held Coblentz at gun point until back-up

arrived, at which time the baggie was retrieved. The officer found 3.9 grams of methamphetamine in the baggie.

While searching Coblentz, the officers found a loaded Taurus .25-caliber semiautomatic handgun. An NCIC check revealed that the gun was not stolen. The officers further discovered that there was an arrest warrant out on Coblentz for a parole violation. Coblentz was then arrested.

As indicated, Coblentz pled guilty to one count of being a felon in possession of a firearm. Apparently, both defense counsel and government counsel understood that Coblentz's criminal history exposed him to a ten-year statutory maximum sentence, and this understanding was embodied in the plea agreement.

In preparation for sentencing, the United States Probation Office prepared a presentence report ("PSR"), which calculated an advisory United States Guidelines Commission, Guidelines Manual ("USSG") sentence. As the PSR observed, pursuant to USSG §4B1.4, a defendant who is subject to an enhanced sentence under 18 U.S.C. § 924(e) is considered an Armed Career Criminal and is subject to a mandatory minimum statutory sentence of fifteen years under the Armed Career Criminal Act ("ACCA").

Pursuant to 18 U.S.C. § 924(e), a person is subject to such an enhanced sentence as an Armed Career Criminal if the current offense is a violation of 18 U.S.C. § 922(g) and the defendant has at least three prior convictions for a

"serious drug offense" or a "violent felony" or both. It is indisputable that Coblentz's current offense is a violation of § 922(g) and that he had two prior drug distribution convictions that qualify as serious drug offenses for purposes of the enhanced sentencing provisions of the ACCA. Additionally, the preparation of the PSR revealed a 1980 conviction for robbery in Indiana state court, which the government believed qualified as a "violent felony" under the ACCA. Pursuant to 18 U.S.C. § 924(e)(2)(B), a "violent felony" is:

> any crime punishable by imprisonment for a term exceeding one year, . . . that . . . (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

At sentencing, the district court determined that Coblentz's 1980 robbery conviction did qualify as a "violent felony" and thus as the third predicate offense necessary to trigger application of the fifteen-year statutory minimum sentence required by the ACCA. Coblentz argued that the robbery conviction was not a predicate offense and that the district court should order specific performance of the plea agreement's ten-year sentence. The district court declined to order specific performance, but did offer Coblentz the opportunity to withdraw his plea, which he declined. Accordingly, the robbery conviction was treated as the third predicate offense and Coblentz was sentenced to the fifteen-year mandatory

-4-

minimum sentence required by the ACCA, followed by thirty-six months of supervised release. Coblentz endeavors to appeal that sentence.

**DISCUSSION**

Under Anders, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744). This process requires counsel to:

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

Id. (citing Anders, 386 U.S. at 744). As indicated, Coblentz's counsel has filed his Anders brief in this appeal, to which neither Coblentz nor the government has responded.

We agree with counsel that there is no nonfrivolous issue related to Coblentz's fifteen year mandatory statutory sentence which could form the basis for an appeal. The language of § 924(e)(1) is mandatory: "Once the sentencing court was aware that the requirements of § 924(e)(1) were satisfied, the enhancement is mandatory. The statute does not require government action to

-5-

trigger its application nor does it vest discretion in the sentencing court not to apply its mandate." United States v. Johnson, 973 F.2d 857, 860 (10th Cir. 1992). Indeed, § 924(e) itself states that a person convicted of § 922(g) who has three qualifying convictions for violent offenses or serious drug offenses "shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1).

Furthermore, we can perceive no serious argument that Coblentz's conviction for robbery under Indiana law is not a violent felony for purposes of the ACCA. To determine whether a conviction can serve as a predicate offense under the ACCA, the sentencing court "look[s] only to the fact of conviction and that statutory definition of the prior offense." Taylor v. United States, 495 U.S. 575, 602 (1990). The sentencing court does "not generally consider the 'particular facts disclosed by the record of conviction,'" but rather "whether the *elements of the offense* are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of this particular offender." James v. United States, 127 S. Ct. 1586, 1594 (2007) (quoting Shepard v. United States, 544 U.S. 13, 17 (2005)); see also United States v. Maldonado-Lopez, 517 F.3d 1207, 1209 (10th Cir. 2008) ("When determining whether a prior conviction is a crime of violence, the Supreme Court has instructed sentencing courts to take a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." (further quotation omitted)).

The Indiana statute under which Coblentz was convicted provides that:

> A person who knowingly or intentionally takes property from another person or from the presence of another person:
>
> (1) by using or threatening the use of force on any person; or
> (2) by putting any person in fear;
> commits robbery, a Class C felony.

Ind. Code § 35-42-5-1. Accordingly, a person can be convicted of robbery in Indiana by putting a person in fear, which Coblentz argued to the district court does not qualify as a violent felony under § 924(e)(2)(B).

The Indiana courts have, however, determined that the fear necessary for a conviction under § 35-42-5-1 is fear of bodily harm. See Rigsby v. State, 582 N.E.2d 910, 912 (Ind. Ct. App.1991); see also Rickert v. State, 876 N.E.2d 1139, 1141 (Ind. Ct. App. 2007) ("Fear of bodily injury or personal harm in the case of noncompliance with the robber's demands is required to support a conviction requiring a person to be put in fear [under § 35-42-5-1].").  The Seventh Circuit has reached a similar conclusion, finding that the offense defined by § 35-42-5-1 qualifies as a crime of violence under USSG 4B1.2(a), which, in turn, is virtually identical to "violent felony" under the ACCA. United States v. Lewis, 405 F.3d 511, 514 (7th Cir. 2005).

## CONCLUSION

For the foregoing reasons, we GRANT counsel's motion to withdraw as counsel and we DISMISS this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge