**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**
Apr 21 2014, 6:25 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN T. WILSON**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JAMES CLARK, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 48A02-1305-CR-416 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48C03-1301-FC-74

**April 21, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

James Clark appeals his convictions and sentence for Class C felony robbery and two counts of Class D felony theft. We affirm.

**Issues**

Clark raises three issues, which we restate as:

    I.      whether the trial court properly denied his motion to sever the robbery charge from the theft charges;

    II.     whether the evidence is sufficient to sustain his convictions; and

    III.    whether the trial court properly sentenced him.

**Facts**

On January 6, 2013, Officer Joe Garrett of the Anderson Police Department was working as a part-time security officer at the St. Vincent's Regional Health Center when he was informed that a television had been taken from the hospital. He reviewed video surveillance and saw a black man wearing Carhart-style overalls, a tan coat, and a black cap walk into a waiting room, remove a television, and walk out of the building with it at approximately 4:00 p.m. Later, security officers received a report of another missing television. Another review of video surveillance showed a black man wearing a tan coat and black cap enter the hospital at approximately 7:30 a.m., take a nap for several hours, and leave the hospital at shortly before 2:00 p.m. pushing a large cart that was covered with a sheet. The object under the sheet appeared to be a television. An employee also reported that he was missing Carhart-style overalls from the employee locker room.

The next day, a black man wearing a tan coat and black cap walked into a convenience store in Anderson and handed the clerk a note that said, "Don't make this hard. Give me the money." Tr. p. 106. The man then said, "Don't make this hard." Id. at 108. The clerk gave the man the cash from the register, the cash from the safe, and cartons of cigarettes. The man had his hand in his pocket during the whole incident.

While investigating the robbery at the convenience store, Officer Brian Porter obtained video and pictures from the convenience store's surveillance cameras. When he arrived back at the station, he saw pictures from the hospital's surveillance cameras and realized that the same person was involved in both incidents. Detective Norman Rayford saw surveillance pictures from the hospital and the convenience store and identified the man involved in the thefts and robbery as Clark, whom he knew from church. Detective Rayford had seen Clark at the convenience store three or four weeks before the robbery wearing a tan coat. Clark was wearing Carhart-style overalls when he was taken into custody. When interviewed by the police, Clark admitted that he took a nap at the hospital. The clerk was unable to identify Clark as the robber in a photo lineup.

The State charged Clark with Class C felony robbery and two counts of Class D felony theft. Clark filed a motion to sever the robbery charge from the theft charges. The trial court found that the offenses were "not of the same or similar character" and denied Clark's motion to sever the robbery charges. Id. at 20. At the jury trial, the clerk identified Clark as the man that robbed him at the convenience store. The jury found Clark guilty as charged. The trial court sentenced Clark to concurrent sentences of four years on the theft conviction and eight years on the robbery conviction to be served

consecutive to the sentence for the theft convictions for an aggregate sentence of twelve years. The trial court found that the theft convictions were an episode of criminal conduct under Indiana Code Section 35-50-1-2(c) but that the robbery conviction was not part of that episode. Clark now appeals.

## Analysis

### *I. Severance*

Clark argues that the trial court erred by denying his motion to sever the robbery charge from the theft charges. Two or more offenses may be joined in the same indictment or information when the offenses are: (1) of the same or similar character, even if not part of a single scheme or plan, or (2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan. Ind. Code § 35-34-1-9. If two or more offenses are joined for a trial in the same indictment or information solely upon the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses. I.C. § 35-34-1-11(a); see also Brown v. State, 650 N.E.2d 304, 305-306 (Ind. 1995). "In all other cases the court, upon motion of the defendant or the prosecutor, shall grant a severance of offenses whenever the court determines that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense . . . ." I.C. § 35-34-1-11(a); see also Brown, 650 N.E.2d at 305-306. In so doing, the trial court is to consider: (1) the number of offenses charged; (2) the complexity of the evidence to be offered; and (3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense. I.C. § 35-34-1-11(a); see also Brown, 650 N.E.2d at 305-306. Where

4

severance is not mandated by Indiana Code Section 35-34-1-11(a), "[w]e will only reverse the judgment and order new, separate trials if the defendant can 'show that in light of what actually occurred at trial, the denial of a separate trial subjected him to such prejudice that the trial court abused its discretion in refusing to grant his motion for severance.'" Brown, 650 N.E.2d at 306 (quoting Hunt v. State, 455 N.E.2d 307, 312 (Ind. 1983)).

Clark argues that he was entitled to have the robbery charge severed because the charges were joined solely on the ground that they were of the same or similar character. However, we find that the charges brought against Clark were not joined solely because they were of the same or similar character. Rather, they were joined because they were a series of acts connected together. The similarity of the appearance and clothing on the person who stole from the hospital and robbed the convenience store led officers to conclude that the same person committed all three offenses. Detective Rayford was able to identify the person in the surveillance photos as Clark. As the State points out, "the evidence in all three crimes was inextricably linked." Appellee's Br. p. 12. As a result, we conclude that Clark was not entitled to severance as a matter of right.[1] See, e.g., Harvey v. State, 719 N.E.2d 406, 409 (Ind. Ct. App. 1999) (holding that evidence regarding two robberies was sufficient to show a "series of acts connected together" and that the defendant was not entitled to severance as a matter of right).

## II. Sufficiency

---

[1] Having concluded that Clark was not entitled to severance as a matter of right, we note that Clark makes no argument that the trial court abused its discretion by denying the motion to sever.

Next, Clark argues that the evidence is insufficient to sustain his convictions. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id.

According to Clark, the evidence is insufficient to sustain any of his convictions because no conclusive evidence identified him as the perpetrator. Clark argues that Detective Rayford was unable to identify him from the surveillance videos and did not know the perpetrator's last name and that the clerk was unable to identify him in a photo lineup. Detective Rayford testified that he recognized Clark as the perpetrator from photos taken by the hospital and convenience store surveillance systems. Although he did not initially recall Clark's last name, Detective Rayford knew that Clark's first name was James and that he attended the same church as Detective Rayford, which led to the identification of Clark as the perpetrator. Further, although the clerk was unable to identify Clark in the photo lineup, he identified Clark during the trial as the person who robbed the convenience store. Clark's argument is merely a request to reweigh the evidence and judge the credibility of the witnesses, which we cannot do.

Clark also argues that none of the stolen items were found on him or traced to him. Although the stolen items were never recovered, "the recovery of stolen property and its production at trial are not essential to prove that a robbery was committed or that the

6

accused committed it." Leavell v. State, 455 N.E.2d 1110, 1115 (Ind. 1983). We conclude that the evidence is sufficient to sustain Clark's convictions for Class C felony robbery and two counts of Class D felony theft.

### III. Sentence

Clark also argues that he was improperly sentenced. Indiana Code Section 35-50-1-2(c) provides:

> [E]xcept for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

There is no dispute that Clark's offenses were not crimes of violence. Clark contends that his offenses arose "out of an episode of criminal conduct." I.C. § 35-50-1-2(c). Indiana Code Section 35-50-1-2(b) defines as "episode of criminal conduct" as "offenses or a connected series of offenses that are closely related in time, place, and circumstance."

Clark argues that the offenses occurred in a short period of time, that he wore the same clothes, and that he was continuing a pattern of criminal activity. However, our supreme court has noted that "the timing of the offenses dictate[s] whether the offenses were or were not single episodes of criminal conduct." Reed v. State, 856 N.E.2d 1189, 1201 (Ind. 2006). Here, the robbery occurred twelve hours after the thefts at a different location. Consequently, the robbery was not "simultaneous" or "contemporaneous" with

7

the thefts.  <u>Id.</u> at 1200.  The robbery was not closely related in time, place, or circumstance to the thefts.  We conclude that the limitation on the total consecutive sentence found in Indiana Code Section 35-50-1-2(c) is inapplicable here.

**Conclusion**

The trial court properly denied Clark's motion for severance.  Further, the evidence is sufficient to sustain Clark's convictions, and the trial court properly sentenced him.  We affirm.

Affirmed.

BAKER, J., and CRONE, J., concur.