## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 18 2017, 6:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Johnny Lynn Langston,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 18, 2017<br><br>Court of Appeals Case No.<br>90A02-1703-CR-663<br><br>Appeal from the Wells Circuit Court<br><br>The Honorable Kenton W. Kiracofe, Judge<br><br>Trial Court Cause No.<br>90C01-1603-FA-1 |

**Baker, Judge.**

[1] Johnny Lynn Langston appeals his convictions for one count of Class A Felony Child Molesting,[1] three counts of Class C Felony Child Molesting,[2] two counts of Level 4 Felony Sexual Misconduct with a Minor,[3] and two counts of Level 5 Felony Sexual Misconduct with a Minor.[4] Langston argues that the trial court erred by denying his motion to sever charges between the two victims. He also contends that the sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character. Finding no error and that the sentence is not inappropriate, we affirm.

## Facts

[2] Langston is step-grandfather to K.P., born in December 1996, and F.S., born in August 2001; the girls are sisters. K.P. lived in Bluffton with Langston and his wife, the girls' grandmother, for most of her life and thought of Langston as a father. When K.P. was in the third grade, around eight or nine years of age, Langston kissed her with his tongue and took her hand and used it to rub his penis. When she was eleven or twelve years of age, Langston rubbed her stomach and vagina, got on top of her, asked her if she had had sex before, and then engaged in sexual intercourse with her.

---

[1] Ind. Code § 35-42-4-3(a)(1) (2014).

[2] I.C. § 35-42-4-3(b) (2014).

[3] I.C. § 35-42-4-9.

[4] *Id.*

[3] F.S. was at Langston's Bluffton home in December 2015. F.S. was asleep on a sofa when Langston carried her into a bedroom, took her pajamas off, inserted his finger into her vagina, and engaged in sexual intercourse with her. Langston repeatedly told F.S. that what was happening was a secret between the two of them. In February 2016, while F.S. was cooking for her grandmother, Langston came home from work, kissed her with his tongue, and touched F.S.'s vagina inside of her clothing. He reminded F.S. that what he was doing to her was a secret and warned her that she would get in trouble if she told anyone.

[4] In February 2016, F.S. reported Langston's sexual abuse during an interview with the Department of Child Services. Shortly thereafter, K.P. reported Langston's abuse of her to the Bluffton police.

[5] On March 31, 2016, the State charged Langston with Class A felony child molesting, three counts of Class C felony child molesting, two counts of Level 4 felony sexual misconduct with a minor, and two counts of Level 5 felony sexual misconduct with a minor. The State also sought an habitual offender enhancement. On May 14, 2016, Langston moved to have the charges related to F.S. severed from the charges related to K.P. The trial court denied the motion.

[6] Langston's jury trial took place from February 6 through 8, 2017; the jury ultimately found Langston guilty as charged. Langston later admitted to being

an habitual offender. On March 15, 2017, the trial court sentenced Langston as follows:

- Forty years for Class A felony child molesting, enhanced by thirty years for being an habitual offender;
- Six years for each of the three convictions for Class C felony child molesting, to be served concurrently;
- Nine years for one count of Level 4 felony sexual misconduct with a minor, to be served consecutively to the Class A felony sentence;
- Nine years for the other count of Level 4 felony sexual misconduct with a minor, to be served concurrently; and
- Four and one-half years for each of the two convictions for Level 5 felony sexual misconduct with a minor, to be served concurrently.

Therefore, Langston received an aggregate term of seventy-nine years imprisonment. He now appeals.

# Discussion and Decision

## I. Motion to Sever

Langston first argues that the trial court erred by denying his motion to sever the charges. Two or more offenses may be joined in the same charging information when they are either of the same or similar character or constitute part of a single scheme or plan. Ind. Code § 35-34-1-9. If the offenses are joined solely because they are of the same or similar character, a defendant is entitled to severance as a matter of right and the trial court is required to grant a motion to sever. I.C. § 35-34-1-11(a).

[8] If offenses are joined as being part of a series of acts that are connected or parts that constitute a single scheme or plan, it is within the trial court's discretion to grant severance when it is "appropriate to promote a fair determination of the defendant's guilt or innocence of each offense . . . ." *Id.* When exercising its discretion to grant or deny severance, the trial court must consider the number of charged offenses, the complexity of the evidence, and whether the trier of fact will be able to distinguish the evidence and apply the law intelligently. *Id.* We will reverse and order new, separate trials only if the defendant can show that in light of what actually occurred at trial, the denial of separate trials subjected him to such prejudice that it was erroneous to deny the motion to sever. *Brown v. State*, 650 N.E.2d 304, 306 (Ind. 1995).

[9] Our Supreme Court recently observed that it is "well-settled that a common modus operandi and motive can sufficiently link crimes committed on different victims." *Pierce v. State*, 29 N.E.3d 1258, 1266 (Ind. 2015). Offenses can also be linked by a defendant's efforts to take advantage of his special relationship with the victims. *Id.* (citing *Turnpaugh v. State*, 521 N.E.2d 690, 692 (Ind. 1988) (finding child molestation charges were connected where the victims were two young sisters who were overnight guests of the defendant); *Heinzman v. State*, 895 N.E.2d 716, 719 (Ind. Ct. App. 2008) (finding child molestation charges were connected where a child protective services caseworker met and sexually molested two boys through his work); *Booker v. State*, 790 N.E.2d 491, 495 (Ind. Ct. App. 2003) (finding child molestation charges were connected where the defendant was hired to care for the two young victims)). Indeed, "[a] common

relationship between the defendant and the victims may even result in an interconnected police investigation into the crimes, producing overlapping evidence." *Pierce*, 29 N.E.3d at 1266.

[10] In this case, as in *Pierce*, Langston's charges were connected by his victims, his method, and his motive. Langston exploited his position of a trusted step-grandfather by molesting young female family members in his care. The investigation into allegations made by F.S. led K.P. to come forward with her own allegations, and the disclosures were tied together into one investigation. Much of the evidence overlaps. Finally, Langston's method was consistent. He waited until he was alone with his victims, would kiss them with his tongue, and then begin the molestation by rubbing their vaginas and having them rub his penis. He would end the molestation by engaging in intercourse with them. And regarding his motive, his activity toward both girls was driven by his aim to fulfill his sexual desires. As in *Pierce*, "[w]e decline to require separate trials as of right where the defendant committed the same crime, in substantially the same way, against similar victims." 29 N.E.3d at 1267. Because Langston's criminal acts were sufficiently connected, he was not entitled to severance and the trial court did not err by denying his motion to sever.

## II. Appropriateness

[11] Next, Langston argues that the sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is

inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[12]     Langston was convicted of eight crimes. The sentencing options and outcomes for each conviction is as follows:

- He was convicted of one Class A felony, for which he faced a sentence of twenty to fifty years, with an advisory term of thirty years. Ind. Code § 35-50-2-4(a). He received a forty-year term, which was enhanced by thirty years because of his habitual offender status. I.C. § 35-50-2-8 (2014) (minimum enhancement is advisory term; maximum enhancement is three times advisory term but may not exceed thirty years).
- He was convicted of three Class C felonies. For each of these convictions, he faced a sentence of two to eight years, with an advisory term of four years. I.C. § 35-50-2-6(a). The trial court imposed advisory six-year terms for each of these three convictions, with all to be served concurrently.
- He was convicted of two Level 4 felonies, for which he faced a sentence of two to twelve years, with an advisory term of six years. I.C. § 35-50-2-5.5. The trial court imposed nine-year terms for each of these convictions, with one to be served consecutively to the Class A felony sentence and the other to be served concurrently.
- He was convicted of two Level 5 felonies, for which he faced a term of one to six years, with an advisory sentence of three years. I.C. § 35-50-2-6(b). For each of these convictions, he received a four and one-half year sentence, to be served concurrently.

Thus, the trial court imposed an aggregate term of seventy-nine years imprisonment. Had the trial court imposed maximum terms on just the two offenses that were run consecutively, Langston would have received a ninety-two-year sentence. And had the trial court imposed maximum, fully consecutive terms on all counts, Langston would have received an aggregate term of 140 years imprisonment.

[13] With respect to the nature of Langston's offenses, he targeted his young step-granddaughters. One of the girls lived in his home and thought of him as a father. He abused the position of trust he held and told F.S. to keep his behavior a secret, threatening her that she would get in trouble if she told anyone what he had done. The fact that, as Langston insists, the offenses could have been worse, or more frequent, in no way mitigates their gravity. Langston's abuse will have long-term repercussions for both girls as they enter adulthood and navigate the world of relationships and sexuality.

[14] With respect to Langston's character, he has multiple prior felony convictions from other states, including breaking, entering, and larceny; driving under the influence; aggravated battery; and two separate convictions for grand theft auto. He has violated probation on multiple occasions. While out on bond on the current charges, Langston was charged with invasion of privacy after allegedly disregarding a no contact order. Additionally, Langston has returned literature about sex offender monitoring programs to the probation department, claiming that "it doesn't pertain to him[.]" Appellant's App. Vol. V p. 10. Langston's history shows an inability or unwillingness to conform his behavior to the rule

of law, and he shows little respect for the well-being of his fellow citizens. To this day, he refuses to acknowledge the harm that he has caused his young step-granddaughters.

[15] In sum, we do not find the sentence imposed by the trial court to be inappropriate in light of the nature of the offenses or his character.

[16] The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.